UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTHIE GRISWOLD and
IRMA COLEMAN,

      Plaintiffs,

v.

JACK POTTER, Postmaster General,
UNITED STATES POSTAL SERVICE,
In his official capacity,

      Defendant.
      _____/

Case No.  1:03-CV-429

HON. GORDON J. QUIST

## OPINION

In this case of jurisdictional ping-pong, the ball stops here.  Now before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction, in which Defendant urges the Court to follow its prior ruling that it lacks jurisdiction over Plaintiffs' claims.  Plaintiffs concede that the Court must reexamine its jurisdiction but note that the Court may reconsider its prior ruling or, in the alternative, should allow Plaintiffs to amend their complaint to formally allege a claim under the Little Tucker Act.  For the reasons set forth below, the Court will grant the motion and dismiss (rather than re-transfer) Plaintiffs' claims for lack of jurisdiction.

## Background

On or about December 15, 1999, Plaintiffs entered into settlement agreements ("Settlement Agreements") with Defendants in a case before this Court captioned Griswold v. Henderson, No. 4:98-CV-117 (W.D. Mich.) (the "1998 case").  Plaintiffs' claims in the 1998 case alleged discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§

2000e to 2000e-17, during Plaintiffs' employment with the United States Postal Service. The Settlement Agreements provided, among other things, that Defendant agreed to consider Plaintiffs for future employment with the Postal Service and to notify Plaintiffs' counsel of the date and time of the next Civil Service Exam. This Court dismissed the 1998 case with prejudice on February 29, 2000.

On February 11, 2002, Plaintiffs filed a complaint in this Court alleging that Defendant breached the Settlement Agreements by failing to notify Plaintiffs' counsel of the time and location of the next exam. That case was designated Case No. 4:02-CV-19. Plaintiffs alleged that they suffered damages as a result of the breaches because they would have taken and passed the exam and returned to work for the Postal Service. Defendant filed a motion to dismiss in which he asserted that Plaintiffs failed to properly allege jurisdiction. Plaintiffs did not respond to the motion, but on June 5, 2002, this Court dismissed the case without prejudice pursuant to a stipulation signed by the parties.

Plaintiffs filed the instant complaint in the United States Court of Federal Claims on February 21, 2003, alleging the same breach of contract claims alleged in Case No. 4:02-CV-19 before this Court. Thereafter, Defendant filed a motion to dismiss, asserting that the Court of Federal Claims did not have jurisdiction over breach of contract actions premised upon Title VII settlement agreements because such claims arise under Title VII. Plaintiffs did not respond to the motion to dismiss, but they did file a motion to transfer the case to this Court pursuant to 28 U.S.C. § 1631. In their brief in support of their motion to transfer, Plaintiffs stated that they originally filed the case in this Court but agreed to dismissal based upon the representation of an Assistant United States Attorney that federal judges in this district had previously dismissed actions based upon breach of

2

settlement agreements in underlying Title VII actions for lack of jurisdiction. On June 19, 2003, the Court of Federal Claims entered an order granting both motions and ordering that the case be transferred to this Court pursuant to 28 U.S.C. § 1631. The Court of Federal Claims concluded that it lacked jurisdiction because Plaintiffs' claims arise under Title VII and federal district courts have jurisdiction to review Title VII claims. The court further noted that the Court of Federal Claims lacks jurisdiction over actions to enforce Title VII settlement agreements.

Following the transfer to this Court, Defendant filed a motion to dismiss on the grounds that Plaintiffs failed to properly allege jurisdiction and that the United States of America would be the only proper defendant in a breach of contract action. In response, Plaintiffs moved to amend their complaint to allege jurisdiction under 28 U.S.C. § 1331 on the basis that Plaintiffs' claims arise under Title VII. On October 15, 2003, this Court issued an Opinion and Order in which it concluded that it lacked jurisdiction over Plaintiffs' claims because they are breach of contract, not Title VII, claims. See Griswold v. Potter, No. 1:03-CV-429, 2003 WL 23941714, at *3 (W.D. Mich. Oct. 15, 2003). Relying upon Langley v. Jackson State University, 14 F.3d 1070 (5th Cir. 1994), and Morris v. City of Hobart, 39 F.3d 1105 (10th Cir. 1994), this Court distinguished this case from cases involving so-called predetermination settlement agreements reached during administrative review of the plaintiff's complaint. This Court reasoned that because the Settlement Agreements were reached after litigation was filed rather than during the administrative process, Title VII did not provide a basis for jurisdiction. Id. at *5. Finally, this Court found that it lacked jurisdiction under the Little Tucker Act because Plaintiffs' claims exceed $10,000 and Plaintiffs did not indicate an intent to limit their claims to that amount. Id. Therefore, this Court transferred the case back to the Court of Federal Claims.

Upon receipt of the case from this Court, the Court of Federal Claims directed Plaintiffs to file a motion for reconsideration of that court's earlier order finding an absence of jurisdiction. The court issued an opinion and order on July 30, 2004, denying the motion for reconsideration and directing that the case be transferred back to this Court. In addition to affirming its original conclusion that it lacks jurisdiction over claims for breach of settlement agreements arising in Title VII cases, the court concluded that Plaintiffs' claims do not invoke its jurisdiction because the alleged breach of the Settlement Agreements – the failure to provide notice of the exam – cannot be fairly interpreted as a claim requiring the government to pay money damages. See Griswold v. United States, 61 Fed. Cl. 458, 463-67 (2004).

With the case once again before this Court, Defendant renews its request for dismissal for lack of jurisdiction. Defendant argues that because this Court has already concluded that it lacks jurisdiction and nothing has changed, it should follow its prior holding and dismiss the case.

**Discussion**

Plaintiffs' frustration with Defendant, i.e., the Government, and the system is evident from their response to the instant motion. It is also understandable. Plaintiffs' efforts to present their claims have been met by Defendant's seemingly inconsistent positions as well as adverse rulings by two courts – the only courts available to hear Plaintiffs' claims – finding no jurisdiction. However, as Defendant notes and Plaintiffs concede, "the federal courts are courts of limited jurisdiction and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.), 930 F.2d 1132, 1137 (6th Cir. 1991).

Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 108 S. Ct. 2166 (1988), provides a framework for proceeding in cases, such as this, involving close jurisdictional questions. In Christianson, the plaintiffs alleged various antitrust claims against the defendant, Colt, which included allegations that Colt's trade secrets were not protected under state law because those trade secrets were not disclosed in Colt's patents as required by 35 U.S.C. § 112.  Based upon this theory, the district court granted summary judgment to the plaintiffs and invalidated several Colt patents. Colt appealed to the Court of Appeals for the Federal Circuit, which held that it lacked jurisdiction and transferred the case to the Court of Appeals for the Seventh Circuit. The Seventh Circuit, in turn, raising jurisdiction *sua sponte*, concluded that the Federal Circuit was "clearly wrong," and transferred the case back to the Federal Circuit. The Federal Circuit disagreed with the Seventh Circuit, but proceeded to address the merits of the case in the "interests of justice." Upon review, the Supreme Court determined that the Federal Circuit was correct in holding that it did not have jurisdiction. However, for purposes of this case, the relevant portion of the Supreme Court's opinion is its analysis of Colt's argument that the law of the case doctrine prevented the Federal Circuit from revisiting the Seventh Circuit's analysis of the jurisdictional issue. There, the Court set forth several useful principles for resolving conflicting jurisdictional determinations by coordinate courts. First, the law of the case doctrine, which provides that a court's decision on a rule of law should continue to govern the same issues in subsequent stages of the same case, is a prudential rule that applies equally to decisions of a coordinate court and to a court's own decisions in the same case. See id. at 815-16, 108 S. Ct. at 2177. The doctrine does not compel adherence to the prior decisions of coordinate courts, but courts "should be loathe to [reexamine prior decisions] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would

5

work a manifest injustice.'" Id. at 817, 108 S. Ct. at 2178 (quoting Arizona v. California, 460 U.S. 605, 618 n.8, 103 S. Ct. 1382, 1391 n.8 (1983)).  Second, if a court concludes that it lacks jurisdiction, it may not reach the merits of the case, even in the "interests of justice." Id. at 818, 108 S. Ct. at 2178.  This is true even if the plaintiff is relegated to a jurisdictional no-man's land. Id. at 818, 108 S. Ct. at 2179.  Finally, in close jurisdictional cases, courts should avoid "a perpetual game of jurisdictional ping-pong" by strict adherence "to principles of law of the case." Id. at 818-19, 108 S. Ct. at 2179.  That is, "if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." Id. at 819, 108 S. Ct. at 2179.  However, "adherence to the law of the case will not shield an incorrect jurisdictional decision" from review.  Id.

 Christianson suggests that in addressing the issue of jurisdiction, this Court should have determined whether the Court of Federal Claims' initial transfer decision was "plausible." If so, this Court would be bound by the law of the case as established by the Court of Federal Claims. Arguably, the Court of Federal Claims decision was "plausible" because that court relied upon prior Court of Federal Claims decisions holding that the Court of Federal Claims lacks jurisdiction to review Title VII settlement agreements, while the cases this Court cited from the Fifth and Tenth Circuits were binding upon neither this Court nor the Court of Federal Claims.  For the reasons set forth in its October 15, 2003, Opinion, however, the Court finds that it was correct to conclude that it does not have jurisdiction under Title VII to determine whether Defendant breached the Settlement Agreements. Cf. Lee v. Runyon, 18 F. Supp. 2d 649, 653 (E.D. Tex. 1998) (finding jurisdiction to review a settlement agreement in a Title VII case against the Postal Service where, in accordance with Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 114 S. Ct. 1673 (1994), the settlement agreement provided that the district court retained jurisdiction to enforce the

agreement). In any event, even though there is still disagreement regarding the application of Title VII, whether the initial transfer decision was "plausible" is now irrelevant because the case no longer presents the potential for the type of wasteful back-and-forth jurisdictional dispute with which Christianson is concerned. As noted above, in addressing Plaintiffs' motion for reconsideration, the Court of Federal Claims cited an alternative basis for finding that it lacked jurisdiction over Plaintiffs' claims, namely, the absence of a substantive right of recovery against the United States for money damages. This Court finds the Court of Federal Claims' reasoning on that issue persuasive, or at least "plausible." Thus, the transfer game is at an end.

Although the Court may not transfer this case back to the Court of Federal Claims, that does not compel the conclusion that jurisdiction must lie here. Rather, this Court must still consider its own jurisdiction. Christianson, 486 U.S. at 819, 108 S. Ct. at 2179. Because the Court concludes that it does not have jurisdiction under Title VII to decide Plaintiffs' claims, the only possible basis for jurisdiction, of which the Court is aware, is the Little Tucker Act. The Court of Federal Claims has already held that Plaintiffs seek primarily equitable relief, which is not available under the Tucker Act, and that ruling is the law of the case. Plaintiffs face the same bar under the Little Tucker Act. See Sharp v. Weinberger, 798 F.2d 1521, 1523-24 (D.C. Cir. 1986) (stating that the Tucker Act and Little Tucker Act impliedly forbid declaratory or equitable relief in contract actions against the federal government). Accordingly, Plaintiffs cannot maintain a claim under the Little Tucker Act, even if they agree to limit their claims to no more than $10,000.

The end result is that no court has jurisdiction to decide Plaintiffs' claims. At first blush, that outcome may seem unfair. However, Plaintiffs could have provided an avenue for this Court to enforce the Settlement Agreements by ensuring that this Court's Order dismissing the original case

provided for continuing jurisdiction over the Settlement Agreements.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381, 114 S. Ct. 1673, 1677 (1994).  They failed to do so.  Consequently, this Court lacks jurisdiction.

## Conclusion

For the foregoing reasons, the Court will grant Defendant's motion to dismiss.

An Order consistent with this Opinion will be entered.


Dated: September 29, 2005                               /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE